UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GEORGE HUGHES,<br>      Petitioner,<br><br>vs.<br><br>WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>      Respondent. | Case No. 1:21-cv-246<br><br>Cole, J.<br>Litkovitz, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on respondent's motion to dismiss (Doc. 7) and petitioner's response in opposition (Doc. 8).

In the petition, petitioner raises the following single ground for relief:

**GROUND ONE**: The trial court erred and deprived Petitioner due process by failing to vacate or set aside its judgment because of breach in agreement.

Statement of Facts: On September 26, 2018, Defendant agreed to enter a plea. Petitioner entered a plea to Aggravated Vehicular Manslaughter; however, after such a plea was accepted by the court, the plea, outside Petitioner's presence, was marked out on the plea form by the Prosecutor and changed to Agg. Vehicular Homicide, which is an act of fraud.

(Doc. 3).

**I.    BACKGROUND**

On March 21, 2018, the Butler County, Ohio grand jury returned a five-count indictment, charging petitioner with one count of aggravated vehicular homicide, two counts of operating a vehicle under the influence, one count of driving under OVI suspension, and one count of failure to control. (Doc. 6, Ex. 1). After initially entering a not-guilty plea, petitioner withdrew his former not-guilty plea and entered a guilty plea on September 26, 2018. (Doc. 6, Ex. 2). On

two occasions during the plea hearing, the prosecution and trial court judge stated that petitioner agreed to plead guilty to one count of operating a vehicle under the influence, as well as one count of "aggravated vehicular *manslaughter*," instead of aggravated vehicular homicide.[1] (Doc. 6, Ex. 18, Trans. at PageID 226, 235). The "Plea of Guilty and Jury Waiver" form signed by petitioner also initially indicated that petitioner was entering a guilty plea to one count of "Aggravated Vehicular Manslaughter (OVI)," albeit with the Ohio Revised Code Section for second degree aggravated vehicular homicide. (*See* Doc. 6, Ex. 2). After the guilty plea was accepted by the trial court, the prosecution altered the guilty plea form to indicate that petitioner's guilty plea was to one count of aggravated vehicular homicide, instead of aggravated vehicular manslaughter. (*See id.*). The prosecutor submitted the altered document to the clerk for filing and executed the amendment without notifying the trial court or defense counsel. (*See* Doc. 6, Ex. 11 at PageID 191). The judgment of conviction entry indicates that petitioner was found guilty of aggravated vehicular homicide and operating a vehicle under the influence. On November 2, 2018, petitioner was sentenced to a total aggregate prison sentence of seven years in the Ohio Department of Rehabilitation and Corrections. (Doc. 6, Ex. 3).

Petitioner did not pursue a direct appeal. However, on September 23, 2019, he filed a post-conviction petition raising his claims that the guilty plea was breached. (*See* Doc. 6, Ex. 4). The trial court denied the petition. (Doc. 6, Ex. 7). On appeal to the Ohio Court of Appeals, the appellate court determined that the claim should have been raised on direct appeal

---

[1] The prosecution did refer to the offense as aggravated vehicular homicide in the recitation of the facts. (*Id* at PageID 230). The State indicated that the offense, a felony of the second degree, was a lesser included offense of the aggravated vehicular homicide offense charged as count one of the indictment, which was a felony in the first degree. In exchange for the plea, the prosecution agreed to dismiss counts three, four, and five of the indictment. (*Id.* at PageID 226, 230).

2

and was barred by the doctrine of *res judicata*. (Doc. 6, Ex. 11, 14). Petitioner unsuccessfully sought review in the Ohio Supreme Court. (*See* Doc. 6, Ex. 15, 17).

In the motion to dismiss, respondent contends that the petition should be dismissed as unexhausted and/or for lack of merit. (Doc. 7).

**II.     THE PETITION SHOULD BE STAYED SO THAT PETITIONER MAY EXHAUST HIS GROUND FOR RELIEF IN THE OHIO COURTS.**

The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present

3

the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

This case does not involve a "mixed" petition containing both exhausted and unexhausted claims because petitioner's single ground for relief is unexhausted. Because petitioner has not fairly presented his claims for federal habeas corpus relief to the state court, this Court may require petitioner to return to the state courts to exhaust his claims as long as an avenue of relief still remains open to him there. As respondent contends in the motion to dismiss (Doc. 7, at PageID 267-70), the remedy of a delayed appeal under Ohio R. App. P. 5 arguably remains available.

Because it appears that there are available avenues of relief in the state courts for petitioner to exhaust his claims for federal habeas relief, the Court must next address whether the petition should be dismissed without prejudice to renewal upon petitioner's exhaustion of his state remedies, or whether the instant proceedings should be stayed and held in abeyance while petitioner exhausts his claims in the state courts. *Cf. Bridgeman v. Warden, Ohio State Penitentiary,* No. 3:12cv54, 2012 WL 5877527, at *4 (S.D. Ohio Nov. 20, 2012) (Ovington, M.J.) (Report & Recommendation), *adopted*, 2012 WL 6616352 (S.D. Ohio Dec. 19, 2012)

(Rice, J.).

The stay-and-abeyance approach was first recognized by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), as a means of ensuring that the "the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement" for "mixed" petitions, will not preclude habeas review of claims raised in a "timely but mixed petition in federal district court" that would be time-barred if the petitioner were required to file a new action after exhausting his state court remedies. *See Rhines*, 544 U.S. at 274-75. The procedure applies only in "limited circumstances." *Id.* at 277. Indeed, some courts, including lower courts within the Sixth Circuit, have declined to extend the *Rhines* stay-and-abeyance procedure to petitions, such as this, containing only unexhausted claims. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006); *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (and cases cited therein); *Warren v. Warren*, No. 2:13cv11234, 2013 WL 1875948, at *2 (E.D. Mich. May 3, 2013); *Sidibeh v. Buchanan*, No. 2:12cv558, 2012 WL 6568231, at *8 (S.D. Ohio Dec. 17, 2012) (King, M.J.) (Report & Recommendation), *adopted*, 2013 WL 80362 (S.D. Ohio Jan. 27, 2013) (Graham, J.); *Mimms v. Russell,* No. 1:08-cv-079, 2009 WL 890509, at *3 (S.D. Ohio Mar. 31, 2009). *But cf. Heleva v. Brooks*, 581 F.3d 187, 191-92 (3rd Cir. 2009) (holding that the district court erred in ruling that "*Rhines* confines the availability of stay-and-abeyance solely to mixed petitions" given that in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), which was decided one month after *Rhines*, the Supreme Court "sanctioned the use of stay-and-abeyance in a context outside that of mixed petitions" in a case involving the petitioner's "reasonable confusion about state filing requirements"); *Hyman v. Keller*, No. 10-6652, 2011 WL 3489092, at *10-11 (4th Cir. Aug. 10,

2011) (same).[2]

However, in *Hickey v. Hoffner*, 701 F. App'x 422, 426 (6th Cir. June 30, 2017), the Sixth Circuit considered the applicability of the stay-and-abeyance procedure in the case of a non-mixed petition containing only unexhausted claims. After observing that other circuits have found the procedure applicable in cases containing solely unexhausted claims, *see id.* at n.5, the Sixth Circuit remanded the case to the district court to determine if the petitioner could show good cause for failing to raise his claims in the state court. The Sixth Circuit directed that if the petitioner shows good cause, the district court should stay the petition and hold it in abeyance while the petitioner returned to the state court to exhaust his available remedies. *Id.* at 426-27. *See also Robinson v. Horton*, 950 F.3d 337, 347 (6th Cir. 2020) (remanding a case containing one exhausted claim to the district court to determine whether to stay the petition or dismiss it without prejudice).

In *Rhines*, the Supreme Court held that the district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible" with the AEDPA's "twin purposes" of encouraging the finality of state court judgments and the petitioner's exhaustion of all claims in state court before seeking federal habeas relief. *See Rhines*, 544 U.S. at 276-77. The Court continued:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust

---

[2] Courts that have held a stay is inappropriate for petitions containing only unexhausted claims have reasoned that (1) the district court lacks jurisdiction over the petition while the petitioner pursues his claims in state court in the absence of "exhausted claims that could stay the petition"; and (2) "if district courts were to stay habeas petitions that were completely unexhausted in order to maintain their timeliness under the AEDPA, federal courts would be turned into a jurisdictional parking lot for unexhausted claims." *Hust*, 329 F. Supp. 2d at 380 (internal citation and quotation marks omitted); *Warren, supra*, 2013 WL 1875948, at *2; *see also Hickman*, 191 F. App'x at 757.

6

> his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.* at 277. A stay is also not warranted "if a petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 278. It would likely be an abuse of discretion to deny a stay and dismiss the petition only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes "good cause" within the meaning of *Rhines*. *See, e.g., Williams v. Hurley,* No. 2:05-cv-985, 2006 WL 1650771, at *10-11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (discussing the split in authority as to whether "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted,* 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.) (unpublished); *see also Tolliver v. Sheets,* No. 2:05-cv-1161, 2007 WL 2462650, at *17-18 (S.D. Ohio Aug. 27, 2007) (Smith, J.; King, M.J.) (unpublished).

In *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court. Some courts have concluded that this statement in *Pace* supports a more expansive definition of good cause. *See, e.g., Tullis v. Kontah,* No. 2:06cv1025, 2007 WL 915197, at *5-6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.) (unpublished) (citing Ninth Circuit decision

7

in *Jackson v. Roe,* 425 F.3d 654, 661-62 (9th Cir. 2005), and *Baker v. Horn,* 383 F. Supp. 2d 720, 747 (E.D. Pa. 2005)); *see also Hnatiuk v. Trombley,* No. 06-13880, 2008 WL 3305157, at *4 (E.D. Mich. Aug. 11, 2008) (unpublished) (quoting *Rhines v. Weber,* 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand from Supreme Court's decision in *Rhines*)). In *Tullis,* after detailing the "broad and varied" split in authority, the Court concluded with the following quotation from *Riner v. Crawford,* 415 F. Supp. 2d 1207, 1209-11 (D. Nev. 2006):

> [T]he discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support . . . [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Tullis, supra,* 2007 WL 915197, at *6.

In this case, out of an abundance of caution, the undersigned recommends that the petition should be stayed so that petitioner may attempt to exhaust his claim in the Ohio courts through a delayed direct appeal. As noted above, petitioner attempted to present his claims to the Ohio courts through a post-conviction petition and subsequent appeal in the Ohio Court of Appeals and Ohio Supreme Court, which arguably constitutes good cause for petitioner's failure to exhaust available avenues of relief prior to filing a habeas petition in this court.[3] *See Tullis, supra,* 2007 WL 915197, at *6. Further, at this point in the proceedings, the Court cannot conclude that petitioner's claims are "plainly meritless" or that petitioner has engaged in abusive

---

[3] Upon filing the petition, petitioner was of the belief that he had exhausted his claims. (*See* Doc. 3 at PageID 50). However, as found by the Ohio Court of Appeals, petitioner's claim was based on the trial court record and should have been raised on direct appeal.

8

litigation tactics or intentional delay. *Rhines,* 544 U.S. at 277-78. Additionally, if the Court were to dismiss the petition without prejudice instead of staying the case, any subsequent petition filed by petitioner raising the claims alleged here may be subject to dismissal on statute of limitations grounds.

Accordingly, in sum, after weighing the *Rhines* factors, and out of concern that the dismissal of the petition at this juncture might unreasonably impair future federal review of petitioner's ground for habeas corpus relief, it is **RECOMMENDED** that respondent's motion to dismiss (Doc. 7) be **GRANTED** to the extent that the instant proceedings be **STAYED** while petitioner is afforded the opportunity to fully exhaust his state court remedies through a delayed direct appeal. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 7) be **GRANTED** to the extent that the petition be administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within **thirty (30) days** after fully exhausting his state court remedies through the requisite levels of state appellate review. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

2. A certificate of appealability should not issue under the standard set forth in *Slack v.*

*McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203-206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.[4]

    3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 9/30/2021

Karen L. Litkovitz
United States Magistrate Judge

---

[4] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE HUGHES,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:21-cv-246

Cole, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).