# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**GEORGE HUGHES,**

    **Petitioner,**

v.

**WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION,**

    **Respondent.**

**Case No. 1:21-cv-246**
**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Litkovitz**

## ORDER

This cause comes before the Court on the Magistrate Judge's October 1, 2021, Order and Report and Recommendation ("R&R") (Doc. 9). The R&R recommends that the Court grant Respondent Tim Shoop's[1] Motion to Dismiss ("Mot.," Doc. 7) Petitioner George Hughes' Habeas Petition (Doc. 3), by way of administratively staying the case and terminating it on the Court's active docket, to allow Hughes to exhaust his potential state court remedies. For the reasons stated more fully below, the Court **ADOPTS** the Report and Recommendation (Doc. 9) in full. The Court thus **GRANTS** Respondent's Motion to Dismiss (Doc. 7) to the extent that the Court **STAYS** the case and **TERMINATES** the case on the Court's active docket. The Court further **CERTIFIES** under 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

---

[1] Though the case caption does not identify an individual party Respondent, Respondent's Motion to Dismiss identifies Tim Shoop as Warden of the Chillicothe Correctional Institution, where Hughes is incarcerated, and represents that Shoop is thus the proper party. (Doc. 7, #262 n.1). Hughes does not dispute that.

To start, the R&R advised Hughes and Shoop that failing to object within 14 days after the R&R issued could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 9, #297). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, the parties here needed to object by October 15, 2021. The time for filing objections has now passed, and no party has objected.

Nonetheless, although no party objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r of Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

The Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). Hughes, an inmate in state custody at the Chillicothe Correctional Institution, filed his Petition for Writ of Habeas Corpus pro se and in forma pauperis on April 13, 2021. (Doc. 3). In that petition, Hughes raises only one ground for relief, which is that his plea

agreement was breached, purportedly in violation of the Due Process Clause. Specifically, he asserts that after he pled guilty to Aggravated Vehicular Manslaughter and after the state court accepted that plea, the prosecutor altered the plea form by changing the charge from Aggravated Vehicular *Manslaughter* to Aggravated Vehicular *Homicide*, a more serious offense. (*Id.* at #50).[2] This altered form was presented to the clerk, and the court entered a judgment of conviction reflecting Hughes' guilt as to Aggravated Vehicular Homicide. (R&R, Doc. 9, #287). Hughes received a seven-year prison sentence. (*Id.* (citing J. of Conviction Entry, Doc. 6, Ex. 3, #80)).

Hughes did not pursue a direct appeal of his conviction. He did, however, file a state law post-conviction petition in the original trial court asking that court to vacate the judgment and sentence based on the confusion regarding count one. (Pet. for Post Conviction Relief, Doc. 6, Ex. 4, #82–84). The trial court denied his petition, (Doc. 6, Ex. 7, #143), an Ohio Court of Appeals affirmed that denial, (Doc. 6, Ex. 11, #188), and the Ohio Supreme Court declined review (Doc. 6, Ex. 17, #224). Hughes then filed the present habeas petition.

In Respondent Shoop's Motion to Dismiss (Doc. 7) that petition, Shoop contends that Hughes has failed to exhaust his state court remedies. In particular,

---

[2] As noted in the R&R, count one of the original indictment (the count at issue in the plea agreement) charged Hughes with Aggravated Vehicular Homicide and, although the "Plea of Guilty and Jury Waiver" form he signed named the offense "Aggravated Vehicular Manslaughter," it cited to the Ohio Revised Code section correlating to Aggravated Vehicular Homicide (§ 2903.06(A)(1)(a)). (R&R, Doc. 9, #286–87). These facts are not essential, however, because the merits of Hughes' petition are not before the Court.

3

Shoop notes that Hughes may still pursue a delayed direct appeal of the original conviction and sentence pursuant to Ohio Appellate Rule 5(A).[3] (Mot., Doc. 7, #268).

Shoop suggests three options for handling Hughes' allegedly unexhausted claim. Shoop first notes that, if, as here, the petitioner still has a procedure available by which to present his or her claims to the state courts, a federal court may dismiss the habeas petition without prejudice or administratively stay it pending exhaustion. (*Id.*). In addition to those options, however, Shoop argues that Hughes' petition lacks merit and asserts that a court may dismiss such a petition with prejudice on that ground, despite the failure to exhaust.[4] (*Id.* at #269). As among these options, Shoop urged the Court to adopt the latter—i.e., dismiss with prejudice—or at least dismiss without prejudice.

The R&R agreed that Hughes' single claim remains unexhausted; however, the Magistrate Judge declined to recommend dismissal, either with or without prejudice, as Shoop had requested. Rather, after an extensive review of the case law discussing the circumstances in which a stay, rather than dismissal, is appropriate, the R&R concluded that the better course here would be to stay the petition to allow Hughes to pursue a delayed appeal in state court.[5] (R&R, Doc. 9, #293–94). As the R&R

---

[3] Ohio App. R. 5(A)(1)(a) permits an appeal to be taken from a criminal proceeding after expiration of the prescribed 30-day period with leave of the court to which the appeal is taken.

[4] Though Shoop does not use the phrase "with prejudice," a dismissal after consideration of the merits would necessarily be with prejudice and would have preclusive effect on Hughes' ability to seek federal habeas relief in the future. *See Scott v. Rewerts*, No. 1:18-CV-431, 2018 WL 10611631, at *1 (W.D. Mich. Apr. 27, 2018) ("Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect." (citing *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997))).

[5] As a practical matter, the difference between a dismissal without prejudice and stay is that the former may create statute of limitations issues for the re-filed habeas action, while the

4

discussed, case law is admittedly somewhat murky as to when a stay—as opposed to a dismissal without prejudice—is the appropriate remedy when a habeas petition contains solely unexhausted claims. (*Id.* at #290–91). However, the Sixth Circuit appears to sanction the use of a stay, even where the petition contains only unexhausted claims, at least so long as the petitioner can show that his or her claims are not "plainly meritless" and that there was "good cause" for the failure to exhaust (*Id.* at #291 (citing *Hickey v. Hoffner*, 701 F. App'x 422, 426–27 (6th Cir. 2017)). And the Supreme Court, while noting that a court has discretion in deciding whether to stay or dismiss, likewise has indicated that dismissal might constitute an abuse of that discretion "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." (*Id.* at #292 (quoting *Rhines v. Weber*, 544 U.S. 269, 278 (2005))).

Here, the R&R noted that Hughes attempted to present his claims to the Ohio courts through a post-conviction petition and appeal, and that Hughes apparently believed his claim thus to have been exhausted. (*Id.* at #293 n.3; *see also* Pet., Doc. 3, #51 (indicating that Hughes "appealed from the judgment of conviction" although he, in fact, did not)). Moreover, the Magistrate Judge could not conclude that Hughes' claim is "plainly meritless," nor that he engaged in dilatory litigation tactics. (R&R, Doc. 9, #293–94).

---

latter leaves the pending case on this Court's docket during exhaustion, and thus does not give rise to such issues.

Given the discretion afforded courts in determining whether a stay is appropriate, the Court finds that the Magistrate Judge's recommendation of that remedy here certainly does not constitute clear error. Accordingly, as no party has objected to the R&R, the Court **ADOPTS** the Report and Recommendation (Doc. 9) in full. The Court thus **GRANTS** Respondent's Motion to Dismiss (Doc. 7) to the extent that the Court **STAYS** the case and **TERMINATES** the case on the Court's active docket. The Court further **CERTIFIES** under 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith. Petitioner may request leave to reinstate this case on the Court's active docket by filing a motion within 30 days after fully exhausting his state court remedies.

**SO ORDERED.**

January 5, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**