# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| GEORGE HUGHES,<br>    Petitioner, | Case No. 1:21-cv-246 |
| vs. | Cole, J.<br>Litkovitz, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

On January 5, 2022, the Court issued an Order administratively staying this habeas corpus action so that petitioner could exhaust his state court remedies. (Doc. 10). Petitioner has now filed a motion to reinstate the case, which respondent has not opposed. (*See* Doc. 11). Petitioner indicates that he has fully exhausted his available state court remedies and requests that Court reinstate the case to the Court's active docket.

For the reasons stated below, it is recommended that petitioner's motion be granted, the January 5, 2022 Order administratively staying the action and terminating the case on the Court's active docket be vacated, and respondent be ordered to file a return of writ within sixty (60) days.

As background, petitioner filed a petition for a writ of habeas corpus on April 9, 2021, raising the following single ground for relief:

> **GROUND ONE**: The trial court erred and deprived Petitioner due process by failing to vacate or set aside its judgment because of breach in agreement.
>
> Statement of Facts: On September 26, 2018, Defendant agreed to enter a plea. Petitioner entered a plea to Aggravated Vehicular Manslaughter; however, after such a plea was accepted by the court, the plea, outside Petitioner's presence, was marked out on the plea form by the Prosecutor and changed to Agg. Vehicular Homicide, which is an act of fraud.

(Doc. 3). Respondent filed a motion to dismiss the petition as unexhausted, arguing in relevant part that petitioner failed to raise his ground for relief on direct appeal and that he still could pursue the available remedy of a delayed direct appeal. (*See* Doc. 7 at PageID 267-70). On October 1,

2021, the undersigned issued a Report and Recommendation, recommending that the motion to dismiss be granted to the extent that this action be stayed while petitioner is afforded the opportunity to fully exhaust his state court remedies through a delayed direct appeal. (Doc. 9). It was recommended that the stay be conditioned on petitioner's filing a motion to reinstate the case within thirty (30) days after fully exhausting his state court remedies through the requisite levels of state appellate review. (*Id.* at PageID 295). On January 5, 2022, the Court adopted the Report and Recommendation, stayed the case, and terminated the case on the Court's active docket. (Doc. 10).

It appears from the present record that petitioner has fully exhausted his state court remedies in compliance with the conditions set forth in this Court's January 5, 2022 Order. As an attachment to the motion to reinstate, petitioner includes a March 8, 2022 entry from the Ohio Court of Appeals denying his motion for a delayed appeal and a June 7, 2022 Ohio Supreme Court entry declining jurisdiction over petitioner's subsequent appeal. (*See* Doc. 11 at PageID 307-310, 311).

Accordingly, because it appears that petitioner has fully complied with this Court's January 5, 2022 Order, it is **RECOMMENDED** that petitioner's motion to reinstate the case to the Court's active docket (Doc. 11) be **GRANTED** and the January 5, 2022 Order administratively staying the action and terminating the case on the Court's active docket (Doc. 10) be **VACATED.** It is further **RECOMMENDED** that respondent be ordered to file a return of writ within sixty (60) days in compliance with the Court's April 13, 2021 Order for Answer. (*See* Doc. 2).

**IT IS SO RECOMMENDED.**

Date: 10/20/2022

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE HUGHES,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:21-cv-246

Cole, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).