# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**GEORGE HUGHES,**

    **Petitioner,**

v.

**WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION,**

    **Respondent.**

Case No. 1:21-cv-246
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Litkovitz

## ORDER

In her August 9, 2023, Report and Recommendation (R&R, Doc. 19), Magistrate Judge Litkovitz advises the Court to deny George Hughes's Motion for Summary Judgment (Doc. 13), which Hughes based on the Warden's purported failure to timely respond to Hughes's Petition for a Writ of Habeas Corpus (Doc. 3). The R&R, though, finds that the Warden in fact filed a timely Return of Writ (Doc. 17). For the reasons briefly discussed below, and especially given the lack of any objections, the Court **ADOPTS** the R&R (Doc. 19). As a result, the Court **DENIES** Petitioner's Motion for Summary Judgment (Doc. 13).

This case began when George Hughes, an inmate at the Chillicothe Correctional Institution proceeding pro se, filed a state law post-conviction petition asking the original trial court to vacate his judgment and sentence. (State Ct. R., Doc. 6, Ex. 4, #82–83). The trial court denied his petition, (Doc. 6, Ex. 7, #143); an Ohio Court of Appeals affirmed that denial, (Doc. 6, Ex. 11, #188); and the Supreme Court of Ohio declined review (Doc. 6, Ex. 17, #224).

Hughes then petitioned this Court for habeas corpus relief on April 13, 2021. (Pet., Doc. 3). In the Petition, Hughes asserted that the government breached his plea agreement, which in turn purportedly violated the Due Process Clause. (*Id.* at #50). Because Hughes was a prisoner proceeding pro se, the Court referred the matter to a magistrate judge under this Court's General Order 22-05. Magistrate Judge Litkovitz issued her first Report and Recommendation regarding that petition on October 1, 2021. (October 2021 R&R, Doc. 9). She recommended that the Court grant the Warden's Motion to Dismiss (Doc. 7) to the extent that the petition be administratively stayed and terminated on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. (Doc. 9, #294). The Court adopted the October 2021 R&R in full on January 5, 2022. (Doc. 10).

Some six months later, on June 14, 2022, Hughes moved for leave to reinstate his habeas case. (Doc. 11). On October 20, 2022, Magistrate Judge Litkovitz issued a second Report and Recommendation recommending that the Court grant Hughes's motion to reinstate the case to the Court's active docket and to vacate the Court's January 5, 2022, Order. (October 2022 R&R, Doc. 12, #313). She also recommended that the Court order the Warden to file a return of writ within 60 days. (*Id.*).

The Court adopted the October 2022 R&R in full in a notation order on January 6, 2023. Before the Court adopted that R&R, though, Hughes filed the instant Motion for Summary Judgment (Doc. 13) on December 27, 2022. In his Motion, he argued that the Warden's time to respond to the writ ended on December 19, 2022—sixty days from when the Magistrate Judge entered the October 2022 R&R—and that the

2

Warden had not done so. (*Id.* at #316). Respondent filed its Return of Writ (Doc. 17) on March 7, 2023, and Petitioner replied (Doc. 18) on March 15, 2023. Magistrate Judge Litkovitz then issued the August 2023 R&R (Doc. 19), which is now before this Court, recommending that the Court deny Hughes's summary judgment motion.

The August 2023 R&R included a notice informing both parties that a failure to object to its conclusions within fourteen days may result in the forfeiture of certain rights, including the right to review by this Court. (Doc. 19, #669–70). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [28 U.S.C.] § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (The "fail[ure] to file an objection to the magistrate judge's R & R ... [constitutes a] forfeiture."). Neither party objected to the R&R here.

But the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the August 2023 R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

In the August 2023 R&R, the Magistrate Judge concluded that Respondent's Return of Writ was, in fact, timely (Doc. 19, #669). As the Magistrate Judge correctly noted, the Court did not adopt the October 2022 R&R, or order Respondent to file a

3

return of writ, until January 6, 2023. (*Id.* at #668–69). And the Court gave the Warden sixty days from that date in which to do so. (*Id.* at #669). Therefore, the Court finds the Magistrate Judge did not clearly err in finding that the Return of Writ filed on March 7, 2023, was timely and that Petitioner's motion lacks merit. (*Id.* at #669).

It appears Hughes moved for summary judgment based solely on his misunderstanding of the filing deadlines. So there is no basis to grant his Motion. Accordingly, the Court **ADOPTS** the August 2023 R&R (Doc. 19) and **DENIES** Petitioner's Motion for Summary Judgment (Doc. 13).

**SO ORDERED.**

September 13, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**