# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GEORGE HUGHES,

        Petitioner,    :    Case No. 1:21-cv-246

- vs -    District Judge Douglas R. Cole
    Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

    :

        Respondent.

## DECISION AND ORDER

This habeas corpus case was brought *pro se* by Petitioner George Hughes to obtain relief from his conviction in the Butler County Court of Common Pleas on charge of aggravated vehicular manslaughter and operating a motor vehicle under the influence of alcohol (Petition, ECF No. 3, PageID 46). On October 16, 2023, the undersigned filed a Report and Recommendations recommending the Petition be dismissed (ECF No. 22). Petitioner filed timely Objections (ECF No. 23) and the case is pending for District Judge Cole's decision.

The case is now before the Court on Petitioner's Request for the Court to Take Judicial Notice pursuant to Fed. R. Evid. 201. (ECF No. 24). That Rule provides in pertinent part:

> **(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
>
> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:

1

> **(1)** is generally known within the trial court's territorial jurisdiction; or
> **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> **(c) Taking Notice.** The court:
> **(1)** may take judicial notice on its own; or
> **(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.
>
> **(d) Timing.** The court may take judicial notice at any stage of the proceeding.

Petitioner relies on the legal proposition that this Court may take judicial notice of public and government documents because they come within the part of Fed. R. Evid. 201 that allows judicial notice of public and government documents "because their sources cannot reasonably be questioned." (ECF No. 24, PageID 696, citing *Colvin v. Veterans Admin. Med. Ctr.*, 390 Fed. Appx. 494 (6th Cir. 2010) and *City of Monroe Employees Retirement System v. Bridgestone Corp.,* 349 F. 3d 651 (6th Cir. 2005), both of which he says took judicial notice of information posted on a website).

Hughes then proceeds to recite several pages of purported facts without giving any reference to any source whose accuracy could not reasonably be questioned or indeed any source at all. On that basis, the Request for Judicial Notice is denied.

However, because Petitioner is proceeding *pro se* the Court will liberally construe his Request and determine whether any of the facts he recites can be accepted for purposes of this case.

Petitioner asserts he was convicted in the case which resulted in his present incarceration on November 1, 2018. That fact is confirmed by the State Court Record filed here (State Court Record, ECF No. 6, Ex. 3). He asserts he filed a petition for post-conviction relief on September

2

23, 2019.  That fact is also confirmed by the State Court Record at Ex. 4.  Hughes next asserts that Respondent requested the case be stayed to permit him to exhaust his post-conviction petition.  There is no such request of record in this case.  Instead the Respondent moved to dismiss the case (Motion to Dismiss, ECF No. 7, PageID 262).  Magistrate Judge Litkovitz recognized that the post-conviction petition remedy had been exhausted unsuccessfully because the Ohio Court of Appeals determined Hughes' claim should have been raised on direct appeal and was barred in post-conviction by *res judicata* (Report, ECF No. 9, PageID 287-88).  She also recognized that the Respondent had suggested that the remedy of delayed appeal was "arguably available" to Petitioner. *Id.* at 289.  After a lengthy discussion of *Rhines v. Weber*, 544 U.S. 269 (2005), she recommended that, instead of dismissing the case, the Court should stay the case to allow Petitioner to exhaust that remedy. *Id.* at PageID 294.

Judge Litkovitz's recommendation was adopted and the case was stayed until it was reinstated on Petitioner's Motion (ECF No. 11).  Attached to the Motion to Reinstate was an Entry from the Twelfth District Court of Appeals denying the motion for delayed appeal on the grounds its filing was excessively delayed and because the issue Hughes intended to argue had been raised and decided in the post-conviction appeal and was therefore *res judicata*. *Id.* at PageID 310.  Hughes claims his motion for delayed appeal was denied without allowing him to file a merit brief (Motion, ECF No. 24, PageID 697).  However, Petitioner's brief is in the State Court Record at ECF No. 16, Ex. 37.

Hughes appealed to the Ohio Supreme Court from denial of leave to file a delayed appeal.  He asserts in his current motion that he was only allowed to argue it was error to deny him a delayed appeal (ECF No. 24, PageID 697).  However in his Memorandum in Support of

Jurisdiction, he actually argued the merits of his claim (Memorandum, State Court Record, ECF No. 16, Ex. 40).

Hughes accurately quotes the undersigned as writing:

> So far as this Magistrate Judge's reading has revealed, Hughes has never cited any United States Supreme Court precedent which compels or even suggests the result for which he argues. Indeed, he has done little more than recite what happened and then claim it violates his right to due process of law without citing any supportive case law.

(Report, ECF No. 22, PageID 685, published at *Hughes v. Warden*, 2023 U.S.C. LEXIS 185333 at *12-13). Hughes claims this is a "completely inaccurate statement" (Motion, ECF No. 24, PageID 699) and asserts the undersigned denied him due process by not considering case law cited in his original Traverse. *Id.* The only Supreme Court case law cited in the original Traverse is *Mabry v. Johnson*, 467 U.S. 504 (1984), which does not even suggest that a correction to a guilty plea entry to show the crime actually pleaded to is unconstitutional.

Hughes concludes his instant Motion by arguing "[t]here would be no problem here if the Respondent did not trick this Court into believing they had a desire to resolve the issue when they requested a stay in these proceedings and done [sic] absolutely nothing when Petitioner returned to the state courts. . ." (ECF No. 24, PageID 699). This is an unfair characterization of the proceedings. The State, represented by the Attorney General as is required by law, did not seek a stay, but rather a dismissal. Magistrate Judge Litkovitz recommended a stay to give Hughes another chance to obtain relief. In any event when Hughes filed for a delayed appeal, it was the Butler County Prosecuting Attorney who opposed it, not the Attorney General's Office. Hughes knew that – he served the Motion for Delayed Appeal on the Prosecutor's Office (ECF No. 16, Ex. 34, PageID 511).

**Conclusion**

Every court to examine the case has concluded Hughes got the benefit of the plea bargain he made. His instant Motion, whether considered under Fed. R. Evid. 201 or as additional argument on the merits, is itself without merit and is DENIED.

March 11, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge
